ESTERAS ET AL. *v.* ARROYO.

APPEAL from the District Court of Humacao.

No. 430.—Decided November 10, 1910.

JURISDICTION—DESIGNATION OF HEIRS—SUBMISSION OF PARTY INSTITUTING PROCEEDINGS.—In proceedings for the designation of heirs the jurisdiction conferred by the law upon the district court of the district where the deceased last resided, or where his property is situated, is exclusive, for such proceedings not being of a contentious character submission of the party instituting the same is not sufficient to confer jurisdiction upon a court other than the one of the proper district.

PLEAS—GENERAL DEMURRER—ADULTERINE CHILDREN.—In the case at bar the defendant's natural filiation was assailed, it being substantially alleged that he was an adulterine child, that he had attained legal age when his presumed father died without executing a will or leaving legitimate descendants, and that no judgment had ever been rendered compelling the defendant's presumed father to recognize him as a natural child, and that the complainants are brothers to the deceased. *Held:* That the complaint was defective, inasmuch as it did not allege that there had been a voluntary and solemn recognition of the defendant, and that the facts set forth did not constitute a cause of action, as it was not necessary to decide whether an adulterine child has a right to inherit.

The facts are stated in the opinion.

*Mr. Enrique López Díaz* for appellants.

*Mr. Manuel Tous Soto* for respondent.

MR. JUSTICE WOLF delivered the opinion of the court.

José I. Arroyo is the defendant and appellee in this case. A suit was brought against him by the appellants praying for a judgment to declare that he had no right to use the surname of José I. Esteras Rivera, to receive any part of the estate of José I. Esteras Rivera, deceased, or to perform acts as the natural acknowledged child of said Esteras Rivera.

·The complaint set up that at the time of the birth of said José I. Arroyo on January 19, 1885, the said Esteras Rivera was legally married to Francisca Villanueva, the mother of José I. Arroyo being another woman, and that the said Esteras Rivera died intestate at Caguas without legal descendants, and that all his property was situated in the judicial district of Humacao, where this suit was brought; that the defendant was more than 23 years old and that no judgment had ever been pronounced compelling Esteras Rivera to acknowledge the defendant as his natural son; that the complainants are brothers and sisters of the decedent.

The defendant demurred substantially on the ground that the complaint did not exclude the possibility that Esteras Rivera had voluntarily and solemnly acknowledged the defendant as his natural son. An answer was filed along with the demurrer which sets up, among other things, that José Esteras Rivera had always acknowledged and treated the defendant as his natural son, and as such natural son the District Court of Ponce had declared him to be the universal heir of his father, Esteras Rivera.

There is no dispute about the facts. The defendant is the natural son of Esteras Rivera, and was treated by his father as a son. His father and mother lived together in public concubinage. There are no other descendants, and the complainants would be entitled to inherit if the defendant did not. The latter is an adulterine child and his father died intestate at Caguas. The decedent's property is situated in the judicial district of Humacao. The defendant desiring to marry, his father appeared before the municipal court of Ponce and gave his consent, and a certificate of the official in charge of

the civil registry of Caguas to such effect appears in the record. The District Court of Ponce did declare the defendant to be the universal heir of his father.

Some of the questions presented for argument before this court were whether an adulterine child could properly inherit; whether a father could acknowledge any but natural children; whether the adulterine children are included in the provision of the law which permits the acknowledged illegitimate children to inherit; whether any rights the defendant might have had at one time had not prescribed because of his failure to bring an action within two years after he came of age, according to the restriction laid down in section 199 of the Civil Code; and whether the District Court of Ponce had jurisdiction to declare the defendant heir.

We shall not enter into the question in this case of whether or not it is porper to answer and demur in the same pleading to the same set of facts because, even if only an answer had been filed, the defendant by virtue of section 199 of the Code of Civil Procedure would have had a right to question whether or not the complaint stated a cause of action and the present demurrer is tantamount to such an objection.

The judgment of the District Court of Ponce is a nullity, because Esteras Rivera did not die in that jurisdiction and left no property. The court was without jurisdiction to name the defendant heir of his father. (Secs. 19 and 23 of the Law of Special Legal Proceedings; Sess. Acts. of 1905, pp. 141 and 143.) An application to be declared universal heir is not an adversary proceeding and the party who brings it cannot choose his forum. (See also the case of *Garzot* v. *Rubio,* 209 U. S., 303.)

This fact leaves all parties free to begin whatever proceeding they see fit before the District Court of Humacao. We give no opinion at this time as to whether an adulterine child can inherit or whether prescription may be invoked.

The complaint, however, is defective in that it did not negative the fact that there may have been a voluntary solemn

acknowledgment of his son on the part of Esteras Rivera.. The judgment must be affirmed on this account, and likewise because the facts otherwise recited in the complaint do not constitute a cause of action against the defendant. The action of this court is had without prejudice to the rights that any of the parties might have had at any time prior to the judgment of the District Court of Ponce, which declared the defendant to be the universal heir of Esteras Rivera.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary and del Toro concurred.

Mr. Justice Figueras did not take part in the decision of this case.